THOMAS SWAN, The (UNITED STATES v.). See Case No. 16.480.

THOMAS SWANN, The (LUCAS v.). See Case No. 8,588.

THOMASTON MUT. FIRE INS. CO. (BABSON v.). See Case No 704.

## Case No. 13,932.

### The THOMAS TURRALL.

#### [6 Ben. 404.] [1]

District Court, E. D. New York. March, 1873.

HALF PILOTAGE—TENDER.

1. A Hell Gate pilot, on board of a vessel, claimed to have tendered his services as a pilot to a brig, which he was passing. He alleged that his services were refused, and filed a libel to recover half pilotage. His evidence of the refusal was contradicted by two witnesses from the brig: *Held*, that, as there were other witnesses to the alleged refusal, who were not called, nor their absence accounted for, the libellant was not entitled to a decree on such a state of the proofs.

2. Whether such a tender of services by a pilot is sufficient to entitle him to half pilotage, quære.

In admiralty.

F. A. Wilcox, for libellant.
Beebe, Donohue & Cooke, for claimant.

BENEDICT, District Judge. This case presents a question of fact, upon which the libellant's right to recover depends, and that is whether the libellant's tender of his services as a Hell Gate pilot for the brig Thomas Turrall, was refused by the master of that brig.

The refusal being denied, it was incumbent upon the pilot to substantiate his claim by a preponderance of evidence, but the case has been presented to me upon the testimony of the pilot alone, as opposed to the testimony of two witnesses from the brig. It appears that there were other witnesses to the alleged tender and refusal, but they are not called, nor their absence accounted for.

Upon such a state of the proofs, the libellants cannot have a decree, and the more because the alleged tender of service is conceded to have been made by the pilot while he was on board another vessel, at the time passing the brig here proceeded against. Words exchanged between persons so situat-

ed might well be misunderstood, and a tender and refusal made under such circumstances, if relied upon, should be fully proved.

I must therefore dismiss the libel for want of preponderating proof of the averments it contains, and it becomes unnecessary to determine the question, whether a tender by a pilot of services, sufficient to afford foundation for a charge of half pilotage, within the meaning of the law, can be made without an actual presence at the side of the vessel sought to be piloted, with the intention and present ability at once to enter upon the service if accepted. Let the libel be dismissed, and with costs.